## LINK BROWN v. STATE.

No. A-1867.  Opinion Filed November 15, 1913.

Appeal from County Court, Jefferson County;
B. T. Price, Judge.

Link Brown was convicted of a violation of the prohibitory law,
and appeals.  Reversed.

Chas. A. McBrian, for plaintiff in error.

Chas. West, Atty. Gen., and Smith C. Matson, Asst. Atty Gen.
(C. J. Davenport, of counsel), for the State.

PER CURIAM.  This appeal is prosecuted from a conviction had
on an information which charged that the defendant did have in his
possession intoxicating liquor with the unlawful intent to sell, barter,
give away, or otherwise furnish, contrary to, etc.  On the 14th day of
October, 1912, judgment was entered and the defendant was sentenced
to be confined in the county jail for a term of 30 days and that
he pay a fine of $150.  The evidence shows that the defendant
lived on a farm; that the sheriff and deputy sheriff went to his
place and found no liquor in the house or barn, but found a jug
and a dozen quarts of whisky concealed in some corn shocks and
in a bunch of bear grass.  There were three or four other men at
the defendant's place; they were cotton pickers.  The defendant did not
claim the whisky as his, but said to the sheriff that he guessed that the
cotton pickers had slipped it in the corn shocks.  The land that the
liquor was found on did not belong to the defendant.  There was no
evidence tending to show the payment by the defendant of the special
tax required of liquor dealers by the United States, or connecting the
defendant with the intention to sell, barter, give away or otherwise fur-
nish the same.  At the close of the state's testimony the defendant
moved to direct a verdict of acquittal.  It is our opinion that the evi-
dence offered on behalf of the state wholly fails to prove the offense
charged, for the reason that no actual or constructive possession by the
defendant of intoxicating liquors as charged, has been shown by the
evidence, nor is there any evidence tending to show an unlawful inten-
tion to violate provisions of the prohibition law.  However, upon a
charge of this kind in order to prove an intent to violate the prohi-
bition law, possession of intoxicating liquors must first be shown.  That
was not done in this case.  For this reason the evidence is insufficient
to support the verdict.  The judgment of conviction is therefore re-
versed.